## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY M. MCGRORY,<br><br>          *Plaintiff,*<br><br>    v.<br><br>PARAGON SYSTEMS, LLC, *et al.*<br><br>          *Defendants.* | CIVIL ACTION<br>NO. 16-04062 |

**PAPPERT, J.**                                                    **September 26, 2017**

## MEMORANDUM

Plaintiff Stacy McGrory filed suit on July 28, 2016, alleging that Defendants, all of whom are citizens and residents of Virginia, breached employment contracts, violated wage laws and wrongfully discharged her. (ECF No. 1.) Defendants failed to appear or otherwise defend the suit, the Clerk of Court entered default on February 16, 2017, and McGrory moved for default judgment on May 24, 2017. (ECF No. 6.) The Court denied McGrory's Motion because it was not clear from the Complaint or the Motion for Default Judgment that venue was proper or whether the Court could exercise personal jurisdiction over the three Virginia-based Defendants. (ECF No. 7.) The Court allowed McGrory to refile her Motion to correct these deficiencies. (*Id.*) McGrory subsequently filed an amended motion (ECF No. 8) which the Court denies.

## I.

Before the Court can enter a default judgment, McGrory must present evidence of: (1) the court's basis of personal jurisdiction over defaulting defendants; (2) proper

service of process upon defaulting defendants; (3) facts necessary to state a cause of action; and (4) the amount claimed in damages. *D'Onofrio v. II Mattino*, 430 F. Supp. 2d 431, 436 (E.D. Pa. 2006). When the Court considers personal jurisdiction in the posture of a default judgment, "although the plaintiffs retain the burden of proving personal jurisdiction, they can satisfy that burden with a *prima facie* showing," and "may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *D'Onofrio*, 430 F. Supp. 2d at 437 (quoting *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005)). A plaintiff makes a *prima facie* case by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citing *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985)). If a defendant does not oppose the Motion, the court must investigate potential personal jurisdiction issues. *D'Onofrio*, 430 F. Supp. 2d at 437–38.

## II.

### A.

McGrory asserts that the Court has general personal jurisdiction over the Defendants. *See* Am. Mot. ¶ 13 ("This Court may exercise personal jurisdiction over each foreign Defendant, as the Defendants maintained continuous and systematic contacts with the Commonwealth of Pennsylvania and further, the events giving rise to Plaintiff's complaint occurred within the Commonwealth."). For a court to maintain general jurisdiction over a non-resident, "the defendant's contacts with the forum state [must be] so continuous and substantial that the defendant should reasonably expect to

be haled into court there on any cause of action." *D'Onofrio*, at 440 (citation omitted).

Continuous and systematic contacts refer to the contact with the forum state rather than the defendant's individual relationship with the resident plaintiff. *Metallic Ceramic Coatings, Inc. v. Precision Prod., Inc.,* 2001 WL 122227, at *3 (E.D. Pa. Feb. 13, 2001). The contacts must be "extensive and persuasive." *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587, 589 (3d Cir. 1982).

McGrory may satisfy the burden of proving personal jurisdiction in her Complaint or by affidavits and other written materials. *D'Onofrio*, 430 F. Supp. 2d at 438. She has not done so. McGrory merely repeats the language of the general jurisdiction standard in her Amended Motion; she does not provide any facts about the three Virginia-based Defendants' contacts with Pennsylvania in her Complaint or either motion. *See generally* (ECF Nos. 1, 6, 8). McGrory has still not made a *prima facie* showing that the Court has general personal jurisdiction over the Defendants.

**B.**

Since she has not alleged it anywhere, the Court is not required to address whether or not specific jurisdiction exists with respect to the Defendants. *See AnnexTelecom Co. v. Brown*, No. 13-4605, 2014 WL 5149101, at *4 (E.D. Pa. Oct. 14, 2014). Nonetheless, the Court will do so. A court has specific jurisdiction if a "plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Am. Bd. of Internal Med. v. Oni*, No. 10-CV-2679, 2010 WL 3860444, at *2 (E.D. Pa. Sept. 30, 2010) (citation omitted). The Third Circuit utilizes a three part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation

arises out of or relates to at least one of those activities; and (3) whether exercising jurisdiction comports with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citation omitted).

The existence of a contract between a non-resident defendant and a resident of the forum state is not by itself enough to justify personal jurisdiction. *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Instead, courts must examine prior negotiations, contemplated future consequences, the terms of the contract, and the parties' course of dealing. *Id.* In *Streamline Business Services, LLC v. Vidible, Inc.,* 2014 WL 4209550, at *10 (E.D. Pa. Aug. 26, 2014), contract negotiations between the plaintiff and non-resident defendant occurred while the plaintiff's chairman was in Pennsylvania and both parties maintained constant communication via email and telephone during negotiations and in performance of the contract. *Id.* Additionally, Vidible made payments into the plaintiff's Pennsylvania bank account. *Id.* Although Vidible's principals never physically entered Pennsylvania, they knew that the plaintiff was a Pennsylvania resident during contract negotiations and that the plaintiff would conduct its services in Pennsylvania. *Id.* The court noted that the Third Circuit has held that it does not matter which party initiates the contractual communications. *Id.* (citing *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 150 (3d Cir.1992)).

In the posture of a default judgment, a plaintiff can satisfy the burden of proving personal jurisdiction through "their pleadings [and] bolstered by such affidavits and other written materials as they can otherwise obtain." *D'Onofrio*, 430 F. Supp. 2d at 438 (quoting *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005)). Here, McGrory

claims in her Amended Motion that she was a resident of Pennsylvania while working for the Defendants and the location of employment was also within the Eastern District of Pennsylvania. (Am. Mot. ¶ 14.) McGrory failed to provide the Court with any other details about her arrangement with Defendants such as the location of the contract negotiations, where she was paid, her location while communicating with the Defendants when performing services under the contract and whether the Defendants knew this information. The Court's basis for exercising personal jurisdiction over the three Virginia-based Defendants is not clear from the pleadings or other submitted materials and McGrory has not satisfied her burden. *See generally* (ECF Nos. 1, 6, 8).[1]

　　An appropriate order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.

---

[1] Even if McGrory was entitled to default judgment, the Court would need to hold a hearing in order to ascertain damages. McGrory has not provided the Court with the requisite proof of damages such as her contract, employee handbook, and statements indicating the time periods she was without insurance while money was being withheld from her paycheck.